**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RUBEL ROYBAL,

       Plaintiff,

vs.                                                                                          No. CIV 08-181 JB/LFG

CITY OF ALBUQUERQUE, YVONNE MARTINEZ,
DENNIS TAFOYA, GEORGE TRUJILLO,
PETER DWYER, LORRAINE SADLER-LOPEZ,
City of Albuquerque Police Officers,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand to State Court, filed February 28, 2008 (Doc. 8)("Motion to Remand"). The Court held a hearing on the motion on April 16, 2008. The primary issue is whether, for there to be a proper removal to federal court, each defendant must independently file a notice of consent to join in the removal. Because the Court concludes that Congress did not require such a filing, the Court will not judicially impose such special requirements, and will thus deny the Motion to Remand.

**PROCEDURAL BACKGROUND**

       Plaintiff Rubel Roybal brought an action in state court under 42 U.S.C. § 1983 against six defendants: the City of Albuquerque and five individual police officers, Yvonne Martinez, Dennis Tafoya, George Trujillo, Peter Dwyer, and Lorraine Sadler-Lopez. Roybal served the City on January 18, 2008, Tafoya on January 30, 2008, Martinez on February 19, 2008, Dwyer on February 26, 008, and Lopez-Sadler on February 27, 2008. The City's counsel also represents Martinez, Tafoya, and Sadler-Lopez.

The City's counsel timely filed a Notice of Removal on February 19, 2008, removing the case to federal court on the grounds of federal-question jurisdiction. See Notice of Removal ¶ 5(a), at 2, filed February 19, 2008 (Doc. 1). The City is the only Defendant named in the Notice; the City did not name any of the individual Defendants. The Notice is signed "CITY OF ALBUQUERQUE."

In her Notice of Removal, the City's counsel indicated that "[a]ll Defendants who have been served as of the date of this filing consent to the removal." Notice of Removal ¶ 8, at 2. The City did not, however, name these individuals, nor is a separate written consent filed on behalf of the Defendants served at that time – Tafoya and possibly Martinez, who was served on February 19, 2008, the date the Notice was filed – within the thirty-day period. Roybal subsequently served some of the other Defendants, who then filed Consents to Removal. See Defendant Dwyer's Notice of Consent, filed March 4, 2008 (Doc. 10); Defendants City of Albuquerque, Martinez, Tafoya, and Sadler-Lopez's Notice of Consent to Removal, filed March 7, 2008 (Doc. 13). The only Defendant who had not indicated that he consents to removal is Defendant George Trujillo, who as of March 14, 2008, still had not been served with the Complaint.

Roybal moves the Court to remand his case to the Second Judicial District Court for the State of New Mexico. Roybal also requests that the Court grant him attorneys fees in bringing this motion. On March 14, 2008, the served Defendants – the City, Martinez, Tafoya, Dwyer, and Sadler-Lopez – filed their response to the Motion to Remand. See Served Defendants' Response in Opposition to Plaintiff's Motion to Remand to State Court, filed March 14, 2008 (Doc. 14)("Response"). In their response, all the Defendants who have been served offer their opposition to the motion to remand. The served Defendants contend that the Court should deny the motion to remand, "because all of the Defendants who have been served with the Complaint have joined in

or consented to the removal of this case to federal court." Response at 1. Roybal filed a reply in support of his motion, and argued that the Defendants have failed to show that they had all joined in the Notice. See Plaintiffs' Reply to Defendants' Response to Plaintiff's Motion to Remand to State Court, filed March 28, 2008 (Doc. 16)("Reply"). Roybal also contends that the City's second notice, filed after Sandler-Lopez was served, and naming all the Defendants that the City's counsel represented, amounted to an impermissible attempt to amend and correct the City's deficient first notice outside of the thirty-day period. See id. at 2.

## LAW REGARDING REMOVAL

28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." Federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." 28 U.S.C. § 1446(a).

### 1.    Rules Regarding Construction of Removal Statutes.

Removal of a case is governed by statute, and the procedures are mandatory in nature. See McShares, Inc. v. Barry, 979 F.Supp. 1228, 1342 (D.Kan. 1997). "As a creature of statute, removal comes with statutory procedures and requirements that are mandatory in nature. . . . While these procedural requirements are not jurisdictional in nature, they have been strictly enforced." McShares, Inc. v. Barry, 979 F.Supp. at 1342 (citations omitted). See Vasquez v. Americano U.S.A., LLC, No. CIV 07-0895 WJ, Memorandum Opinion and Order at 5-7, filed February 13, 2008 (D.N.M.).

"[T]here is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)(citations omitted). "Removal statutes are to be strictly construed." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941). See Fajen v. Foundation Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993)(citations omitted).

All doubts whether the statute's requirements have been met are resolved against removal. See Fajen v. Foundation Reserve Ins. Co., Inc., 683 F.2d at 333; Greenshields v. Warren Petroleum Corp., 248 F.2d 61, 65 (10th Cir.), cert. denied 355 U.S. 907 (1957). "The removing party has the burden to show that removal was properly accomplished." McShares, Inc. v. Barry, 979 F.Supp. at 1342 (citations omitted).

### 2. **Notice of Removal: The Thirty-Day Filing Requirement.**

The removal notice must be filed within thirty days of service of the complaint on the first defendant. See 28 U.S.C. § 1446(b). Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which ever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b). In Akin v. Ashland Chemical Co., 156 F.3d 1030 (10th Cir. 1998), the United States Court of Appeals for the Tenth Circuit dealt with the issue of when the statute begins to run:

> In Debry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979), we held that "if

>the statute is going to run, the notice [of removability] ought to be unequivocal. It should not be one which may have a double design." We further ruled that "ascertained" as used in § 1446(b) means a statement that "should not be ambiguous"or one which "requires an extensive investigation to determine the truth." Id. at 490. Derby is consistent with our prior ruling in Ardison v. Villa, 248 F.2d 226 (10th Cir. 1957), in which we interpreted the predecessor provision of § 1446(b), holding that the key to determining the date from which the clock begins to run is when the defendant is able to "intelligently ascertain removability." Id. at 227. We agree with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist. Rather, this court requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper" such as an answer to interrogatory.

156 F.3d at 1035-36 (footnote omitted). A defendant who has not yet been served need not consent to removal. See Brady v. Lovelace Health Plan, 504 F.Supp.2d 1170, 1137(D.N.M. 2007)(Smith, J.)(citing Pullman Co. v. Jenkins, 305 U.S. 534, 540-41 (1939)); Howard v. Bostrom, 2007 WL 3046446 (D. Okla. 2007)(citing Kopff v. World Research Group, LLC, 298 F.Supp.2d 50, 54 (D.D.C. 2003)).

### 3. Notice of Removal: The Joinder Requirement.

The removal statute does not expressly mandate that all defendants who have been served in a multi-defendant case must join in the notice of removal. See Vasquez v. Americano U.S.A., LLC, Memorandum Opinion and Order at 5. Nevertheless, the Tenth Circuit has stated that, where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal. See Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981). It is thus well established that a notice of removal fails if this procedural requirement is not met. See id.

Courts generally refer to this requirement that all defendants served at the time of filing must join in the notice of removal as the unanimity rule. See McShares, Inc. v. Barry, 979 F.Supp. 1228, 1342 (D. Kan. 1997)(citations omitted). The unanimity rule requires that, "where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal." Vasquez

v. Americano U.S.A., LLC, Memorandum Opinion and Order at 5. Courts have also required that, to join a notice of removal, the support must be in writing. See Henderson v. Holmes, 920 F.Supp. 1184, 1186 (D. Kan. 1996)(citing Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994)). See J. Moore & Georgene Vairo, Moore's Federal Practice § 107.11[1][c], at 107-38 (3d ed. 2008). Some courts, however, "have accepted oral consents directed expressly at the court." See id. § 107.11[1][c], at 107-38 (3d ed. 2008)(citing cases).

Most, if not all courts, have not required all defendants to sign the same notice of removal. See Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); McShares, Inc. v. Barry, 979 F.Supp. at 1342; Jarvis v. FHP of Utah, Inc., 874 F.Supp. 1253, 1254 (D. Utah 1995). Some courts, however, have imposed on the non-removing defendants an additional requirement. Some courts state that, even though all defendants are not required to sign the same notice of removal, each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period. See McShares, Inc. v. Barry, 979 F.Supp. at 1254; Jarvis v. FHP of Utah, 874 F.Supp. at 1254.

The United States District Court for the District of Kansas laid out the rationale for this "independent and unambiguous" consent requirement in Henderson v. Holmes, 920 F.Supp. 1184, 1187 n.2 (D. Kan. 1996):

> There are valid reasons for [the requirement of independent and unambiguous filing of consent]. Without such a filing, "there would be nothing on the record to 'bind' the allegedly consenting defendant." [Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d at 1262 n.11]. It serves the policy of insuring the unanimity necessary for removal. Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F.Supp. 1236, 1238 (N.D. W.Va. 1993). It is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand. Barger v. Bristol-Myers Squibb Company, 1994 U.S. Dist. LEXIS 2267,*11, 1994 WL 69508, at *2 (D. Kan. Feb. 25, 1994)(No. 93-2485-JWL). It is not onerous requirement that unfairly disadvantages defendants or that can be manipulated by the plaintiff. [Jarvis v. FHP of Utah, Inc., 874 F.Supp. at 1255]. District courts within

> the Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits have endorsed similar requirements. See, e.g., Ogletree v. Barnes, 851 F.Supp. 184, 188-190 (E.D. Pa. 1994)(Third Circuit); Martin Oil Co. [v. Philadelphia Life Ins. Co.], 827 F.Supp. at 1238-39 (and citations therein)(Fourth Circuit); Thompson v. Louisville Ladder Corp., 835 F.Supp. 336, 337 n.3 (E.D. Tex. 1993)(Fifth Circuit); Knickerbocker v. Chrysler Corp., 728 F.Supp. 460, 461-62 (E.D. Mich. 1990)(Sixth Circuit); Fellhauer v. City of Geneva, 673 F.Supp. 1445, 1447-48 (N.D. Ill. 1987)(Seventh Circuit); Ford v. New United Motors, Mfg., Inc., 857 F.Supp. 707, 708 n.3 (N.D. Cal 1994)(Ninth Circuit); [Jarvis v. FHP of Utah, Inc.], 874 F.Supp. at 1254-55 (Tenth Circuit); and Knowles v. Hertz Equipment Rental Co., 657 F.Supp. 109, 110 (S.D. Fla.1987)(Eleventh Circuit).

920 F.Supp. at 1187 n.2. Under this "independent and unambiguous" rule, it is insufficient for the removing defendant, in its notice of removal, to represent that all other defendants consent to removal. See McShares, Inc. v. Barry, 979 F.Supp. at 1342-43 (citing Landman v. Borough of Bristol, 896 F.Supp. 406, 408-09 (E.D. Pa. 1995)). In Spillers v. Tillman, 959 F.Supp. 364 (S.D. Miss. 1997), the court noted that the majority view is that "'mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder.'" Id. at 369 (quoting Production Stamping Corp. v. Maryland Casualty Co., 829 F.Supp. 1074, 1076 (E.D. Wis. 1993)). "One defendant's attempt to speak on behalf of another defendant will not suffice." Landman v. Borough of Bristol, 896 F.Supp. at 409 (citations omitted).

A small minority of the case law allows for a defendant filing a notice of removal to represent the other named defendants' consent within such a notice. See Jasper v. Wal-Mart Stores, Inc., 732 F.Supp. 104, 105 (M.D. Fla. 1990)("Additionally all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent all defendants.") The majority rule, however, does not allow one defendant to represent the consent of other defendants. See J. Moore, supra, § 107.11[1][c], at 107-38.

There is apparently no opinion from the Tenth Circuit that requires more than the

representation of consent in the notice of removal. And to the Court's knowledge, until the opinion of the Honorable William P. Johnson, United States District Judge, in <u>Vasquez v. Americano U.S.A., LLC</u>, no case law from the District of New Mexico required more than the representation of consent in the notice of removal.

### 4.     **Vasquez v. Americano U.S.A., LLC.**

In <u>Vasquez v. Americano U.S.A., LLC</u>, the plaintiffs filed suit against defendants Americano, Hernandez, Daniel Company, and Dodson in state court. Americano filed its Notice of Removal with the federal court on September 10, 2007. Americano's Notice of Removal stated: "Florencio Hernandez, the Daniel Company and Larry Dodson consent to the removal of this action." Americano's counsel also represented Hernandez. In a footnote, Judge Johnson stated: "Thus, Defendant Hernandez is considered properly joined." <u>Vasquez v. Americano U.S.A., LLC</u>, Memorandum Opinion and Order, at 4 n.2.

Attorney Randall W. Roberts filed a Notice of Appearance on October 24, 2007 on behalf of Daniel Company and Dodson. The Notice of Appearance did not, however, explicitly state that Daniel Company consented to removal.

Judge Johnson first noted that "[t]he parties do not cite and the Court is not aware of any Tenth Circuit or District of New Mexico precedent resolving the issue of whether the representation by one defendant that all other defendants consent to removal is sufficient." <u>Id.</u> at 5. Judge Johnson then stated the issue: "In other words, must all defendants formally consent in writing to removal from state court in order for removal to be proper?" <u>Id.</u> Judge Johnson concluded "that formal consent to removal by all defendants is required." <u>Id.</u>

Judge Johnson went on: "This Court rejects Defendant Americano's position in favor of adopting the majority procedure in which defendants who do not sign the actual notice of removal

must file an independent and unambiguous notice of consent to join in the removal." Id. at 7. Judge Johnson specifically rejected the argument that the unique and collegial nature of federal litigation within the District of New Mexico alleviated the need to further formalize the joinder of defendants during the removal process: "Despite the unique and enchanted nature of federal litigation within the District of New Mexico, the Court finds adherence to the majority approach not only appropriate but also consistent with the well reasoned decision of the clear majority of courts having ruled on this question." Id. at 7-8.

Under the unanimity rule as Judge Johnson interpreted it in Vasquez v. Americano U.S.A., LLC, "each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period." Id. at 6 (citing McShares, Inc. v. Barry, 979 F.Supp. at 1342, and Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah 1995)). According to Judge Johnson, it is "insufficient for the remaining defendant, in its notice of removal, to represent that all other defendants consent to removal." Id. at 6-7. "Defendants who do not sign the actual notice of removal must file an independent and unambiguous notice of consent to join in the removal." Id. at 7.

At footnote 2 of his opinion, however, Judge Johnson appears to have created an exception from his "independent and unambiguous" rule. There, Judge Johnson held that, because Americano's counsel also represented Hernandez, he was "considered properly joined" in the removal. Id. at 4 n.2.

## ANALYSIS

The question that Roybal's motion presents is whether representations of counsel suffice to show a defendant's consent to removal when the defendant is not specifically named by counsel. The record reflects that all served Defendants have consented in writing. Nevertheless, Roybal

contends that the Defendants' attempted removal of his claims to federal court is procedurally defective. Roybal argues that not all the defendants served at the time of removal declared their "[f]ormal consent to removal in writing." Motion to Remand at 1. As an additional basis for remand, Roybal also argues the Notice of Removal was ambiguous.[1]

## I.     THE REQUIREMENTS OF UNANIMOUS CONSENT WERE MET.

Roybal contends that there is no doubt that the statutory requirement of written consent to the removal has not been met. Roybal maintains that all of the Defendants served at the time of removal did not properly join the City's Notice of Removal, because formal consent to removal in writing by all Defendants is required, and such written documents were not filed in this case.

Roybal contends that the rule at issue here is the "unanimity rule." Motion to Remand at 2 (citing McShares, Inc. v. Barry, 979 F.Supp. at 1342). There is no dispute about the unanimity rule. The Tenth Circuit requires all defendants to consent to removal, so this Court is not free to ignore the unanimity requirement. See Akin v. Ashland Chemical Co., 156 F.3d at 1034 (stating that "general removal rule under 28 U.S.C. § 1441 and § 1446 . . . require[s] all defendants to join in the removal petition"). The issue here in not the unanimity rule, but how defendants express their unanimous consent.

As an initial matter, the Court notes that the statute does not require that consent be in writing. Nor has the Tenth Circuit stated that consent must be in writing. For example, if a defendant removed a case, the federal court held a preliminary injunction hearing that same day, and all the other defendants orally told the federal court at the hearing that they consented to the

---

[1] Roybal further argues that the second notice filed by the City was an impermissible attempt to cure the earlier defective Notice of Removal. Because the Court finds the first Notice to be sufficient, this point is irrelevant.

removal, it is unclear why that consent would be ineffective. See J. Moore, supra, § 107.11[1][c], at 107-38 (noting that some courts have allowed oral consents). In any case, the Court need not decide in this case whether the consent must be in writing and can never be oral, because the consents here – regardless of their validity – were in writing.

It is probably true that, if the Court requires each Defendant to file an "independent and unambiguous notice of consent," the Defendants in this in this case will not have met that requirement. Not all the Defendants signed the Notice of Removal, some were not named in the Notice, and some did not timely file separate documents expressing consent. Accordingly, all Defendants have not "independently and unambiguously" filed a notice of consent. Vasquez v. Americano U.S.A. LLC, Memorandum Opinion and Order at 6.

The Court does not, however, read Vasquez v. Americano U.S.A. LLC to require each Defendant to separately file an "independent and unambiguous notice of consent." Roybal contends that the Defendants advocate for an application of the removal statute that is contrary to Judge Johnson's ruling in Vasquez v. Americano U.S.A., LLC, and in direct conflict with the mandatory nature of the removal statute. The Defendants' response, however, need not be read as asking this Court to rule contrary to Judge Johnson, and at no point do the Defendants ask the Court to ignore the unanimity rule. The Defendants believe that they satisfy both the unanimity rule and the rule in Judge Johnson's opinion. The Court agrees.

Citing Vasquez v. Americano U.S.A., LLC, Roybal argues that "formal consent to removal in writing by all individual defendants is required at the time of the original notice of removal." Reply at 1. Roybal's interpretation is an overstatement of the holding in Vasquez v. Americano U.S.A., LLC, in two respects. First, the rule in Vasquez v. Americano U.S.A., LLC requires only that, "where there are multiple defendants, all defendants served at the time of filing must join in

-11-

the notice of removal." Vasquez v. Americano U.S.A., LLC, Memorandum Opinion and Order at 5. Thus, the Court does not need to consider anyone who was not served on February 19, 2008.

Second, Judge Johnson appears to have created an exception to his general rule in footnote 2 of his opinion. That footnote states that one defendant was "considered properly joined" in the notice of removal because he was represented by the same counsel as the defendant filing the notice. Id. at 4 n.2. The scope of the exception is uncertain, however. It is unclear whether the attorney filing the notice of removal and representing multiple defendants can acknowledge the consent of all those he represents in the notice of removal, or whether he must name the defendants expressly in the notice of removal.

Thus, while Roybal understandably cites and relies heavily on Judge Johnson's decision in Vasquez v. Americano U.S.A., LLC, that opinion may ultimately undercut Roybal's argument. If the Court were to construe footnote 2 in Vasquez v. Americano U.S.A., LLC as allowing an attorney to file a notice of removal and state the consent of all defendants that the attorney represents, then the Defendants represented by the same counsel – the City, Martinez, Tafoya, and Sadler-Lopez – should be deemed properly joined in the City's original Notice of Removal. The Court believes this reading of Vasquez v. Americano U.S.A., LLC is the correct one. And in this case, there is only one defendant who has been served and who is not represented by counsel for the City – Dwyer. When, however, Dwyer's counsel entered his appearance on March 4, 2008, several days after Dwyer was served, he also filed a written Notice of Consent to Removal. Dwyer therefore timely and properly indicated his consent to removal. Thus, all the Defendants have properly expressed their consent to removal.

There are at least four reasons that support construing Vasquez v. Americano U.S.A., LLC to not require separate consents from each defendant. First, Congress does not require such

documents. The statute requires only that "a defendant or defendants . . . shall file . . . a notice of removal signed pursuant to Rule 11." 28 U.S.C. § 1446(a). Congress could have required separate consents, but did not. The Court is reluctant to impose requirements that Congress did not mandate.

Second, federal courts often rely on the representations of counsel about other parties. For example, parties frequently submit unopposed motions, stating that the other parties do not oppose. Rarely is there any problem, and if there is, a federal court has an abundant reservoir of powers to remedy misrepresentations. The City's counsel represented to the Court, pursuant to rule 11, that the City, Tafoya, and perhaps Montoya consented to the removal. The City's counsel was counsel to all three Defendants, and the representations of the City's counsel were correct.

Representations by counsel, signed under rule 11, are sufficient to deal with the primary concern animating the judicial creation of restrictions on removal. Courts are concerned that without some clear sign of who has consented to removal, some parties might not be bound by the notice. See, e.g., Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d at 1262 n.11. But this concern is significantly reduced when counsel makes a written representation under rule 11. It is all but eliminated when the representation is on behalf of his or her clients, rather than on behalf of parties who are represented by different attorneys.

Third, while the federal courts strictly construe the removal statutes and there is a presumption against removal, the Court should not use these rules of construction to manufacture rules that Congress did not require, that are not necessary to enforce the statutes, and are contrary to normal federal practice. The Defendants have overcome the presumption against removal and shown that all of the Defendants served at the time of removal joined the City's Notice of Removal. The means that they used, having their attorney say so in the Notice of Removal, was proper. Accordingly, there is no basis to remand the case to state court.

Fourth, while "the unique and collegial nature of federal litigation within the District of New Mexico" may not justify creating a separate rule for New Mexico, or fashioning a rule that may not address the situation in other district courts, the "independent and unambiguous" rule, construed as requiring separate consents, seems to be a drastic remedy for a situation that does not appear to be a problem, particularly in the context of this case. The cases adopting the "independent and unambiguous" rule should show the need to further formalize the joinder of defendants during the removal process, and what problem or problems the rule is designed to alleviate. For the most part, the perceived problem remains ephemeral.

In summary, the Defendants have shown that they met the procedural requirements of the removal statute. All served Defendants have indicated in writing their consent to removal. The Court should require no more.

## II.     THE NOTICE OF REMOVAL WAS NOT AMBIGUOUS.

Roybal contends that the City's statement that "all defendants who have been served consent to the removal" is vague and clearly insufficient. See Henderson v. Holmes, 920 F.Supp. at 1187 n.2. Roybal contends that the Court, in reading the Notice of Removal, would have no idea which individual Defendants are allegedly joining in the removal.

The City's statement is not vague. While not express, examination of the record would have revealed clearly that Tafoya was included in that statement. The examiner would not, however, know whether the statement included Martinez. The Court cannot determine whether Martinez was served before or after the City filed the Notice of Removal.

But the Court is not certain what more the City's counsel could have reasonably done. If she had expressly listed all those who had been served, and someone else was served, unknown to her, minutes before she filed the document, the consent would have been inadequate. Moreover, there

does not appear to be any dispute that this statement was correct. And there is no dispute that she is counsel for all the Defendants served at the time of the Notice of Removal. Consequently, the Court cannot say that the City's statement is clearly insufficient. See id. at 1187 n. 2. The Court does not believe that there is any reasonable doubt that the served Defendants met the statutory requirements of written consent to the removal within the thirty-day period. Accordingly, the Court will not remand the case to the state district court where Roybal originally filed his case. Because the Court is denying the Motion to Remand, it will also not award attorneys fees to Roybal.

**IT IS ORDERED** that the Plaintiff's Motion to Remand to State Court is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Joseph P. Kennedy
Mary Lou Boelcke
Shannon L. Kennedy
Kennedy Law Firm
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Beatrice J. Brickhouse
City of Albuquerque Legal Department
Albuquerque, New Mexico

    *Attorneys for the Defendants City of Albuquerque,*
      *Dennis Tafoya, Lorraine Sadler-Lopez, and*
      *Yvonne Martinez*

Patrick D. Allen
Yenson, Lynn, Allen & Wosick, P.C.

Albuquerque, New Mexico

    *Attorney for Defendant Peter Dwyer*

George Trujillo
Albuquerque, New Mexico

    *Defendant pro se*