# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RUBEL ROYBAL,

       Plaintiff,

vs.                                    No. CIV 08-0181 JB/LFG

CITY OF ALBUQUERQUE, YVONNE MARTINEZ,
DENNIS TAFOYA, GEORGE TRUJILLO,
PETER DWYER, LORRAINE SADLER-LOPEZ,
City of Albuquerque Police Officers,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Summary Judgment Against George Trujillo and Memorandum of Law in Support, filed February 25, 2009 (Doc. 57). The primary issues are: (i) whether the Court should grant summary judgment for Plaintiff Rubel Roybal on his claim for unlawful search against Defendant George Trujillo; and (ii) whether the Court should grant summary judgment for Roybal on his claim for unlawful arrest against Trujillo. Because Trujillo does not oppose the motion, and because the Court believes that the record undisputedly establishes that Trujillo unlawfully entered the Roybals' home without a warrant, exigent circumstances, or consent, and then unlawfully arrested Roybal in his home, the Court will grant the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Roybal has previously moved for summary judgment against the Defendants on his claim that they unlawfully entered his home without a warrant in violation of the Fourth Amendment. The Court's opinion on that motion lays out the relevant facts, and the Court will not repeat them here.

See Memorandum Opinion and Order at 2-7, entered April 28, 2009 (Doc. 61)("MOO"); Roybal v. City of Albuquerque, 2009 WL 1329834 at *1-4 (D.N.M.)(Browning, J.)("Roybal").  Agreeing with Roybal's contentions, the Court granted the motion in part, but did not extend the grant of summary judgment to Trujillo, because he had not been served with process at the time of the motion.  See MOO at 1-2; Roybal at *1.  The Court held that, by entering into the Roybals' garage, Defendants Yvonne Martinez and Lorraine Lopez-Sadler violated clearly established law and were not entitled to qualified immunity.  See id. at 25; Roybal at *14.  Although the Court did not grant summary judgment against Trujillo, because of the lack of service at the time, the Court observed that it "sees little to distinguish Trujillo's conduct from Martinez' and Lopez-Sadler's conduct."  Id.

Arguing that Trujillo should not be treated any differently than Martinez and Lopez-Sadler, Roybal moves for summary judgment on his unlawful entry claim against Trujillo.  See Motion at 4.  Additionally, Roybal moves for summary judgment on his unlawful arrest claim.  He contends that Trujillo arrested him in his home without a warrant or exigent circumstances, and thus violated clearly established law.  See id. at 4-5.

Trujillo has not filed any written response to the motion.  At the pretrial conference, the Court asked Kathryn Levy, Trujillo's attorney, whether she opposed the motion.  She stated that, based upon the Court's earlier rulings, she likely did not have any sound basis to oppose the motion, but that she wanted to check on a couple of points in the case law to ensure that she did not waive any reasonable arguments.  See Transcript of Hearing at 2:9-3:7 (taken June 1, 2009)(Court & Levy).[1]  Ms. Levy said she would file a response, if appropriate, by close of business on Wednesday, June 3, 2009.  See id. at 3:9-12.  Ms. Levy has since informed the Court's Courtroom Deputy Clerk

_____

[1] The Court's citations to the transcript of the conference refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

that she would not file a response and would send the Court a letter indicating that she did not oppose the motion.

On June 9, 2009, the Court received a letter by facsimile transmission from Ms. Levy.  This letter indicates that Trujillo will not file a response to the motion.  Ms. Levy writes that she

> has no additional argument and has no reason to believe that the Court would alter its analysis in considering the motion against Defendant Trujillo.  Defendant does not believe it would be a beneficial use of the Court's resources to request it to revisit the issues.  Accordingly, Defendant Trujillo accepts that should the Court adopt the reasoning and conclusions of its earlier ruling, the Court will grant summary judgment against him on the issues of illegal entry and unlawful arrest.

Letter from Kathryn Levy to the Court (dated June 5, 2009, received and filed June 9, 2009)(Doc. 68).

## ANALYSIS

Resolution of this motion is relatively straightforward.  Trujillo does not contest that, given the Court's earlier ruling, the Court should grant the motion, but the Court has nonetheless reviewed the record and the law to ensure that summary judgment should be granted in Roybal's favor.  In light of the Court's earlier opinion, the Court finds that Trujillo entered into Roybal's garage, thereby violating clearly established Fourth Amendment law.  Additionally, the Court holds that, by arresting Roybal within his home without a warrant, without consent, and without exigent circumstances being present, Trujillo again violated clearly established law.  The Court will therefore grant Roybal's motion.

First, the Court sees no reason to distinguish Trujillo from Martinez and Lopez-Sadler.  As the Court explained in its earlier opinion, it did not grant summary judgment against Trujillo at that time because Trujillo was not served until after the motion for summary judgment was filed and after the hearing on the motion.  See MOO at 25; Roybal at *14.  Trujillo, however, was involved

in the same incident of entering the Roybals' garage in which Martinez and Lopez-Sadler were involved. The Court saw no sound reason to treat Trujillo differently from Martinez and Lopez-Sadler then. Nor does the Court see any sound reason to do so now. Trujillo has not contested any of the facts on which the Court relied in granting summary judgment earlier. For the same reasons that the Court granted summary judgment against Martinez and Lopez-Sadler, the Court will find that Trujillo unlawfully entered the Roybals' garage, in violation of clearly established law, see MOO at 21-25; Roybal at *12-14, and will therefore grant summary judgment against Trujillo on Roybal's unlawful search claim.

Second, the Court concludes that the undisputed facts show that Trujillo's arrest of Roybal was unlawful under clearly established law. Unlike the search claim, Roybal's arrest claim was not an issue in the earlier motion. Given the Court's earlier ruling, however, it is undisputed that Trujillo entered into the Roybals' garage, that this entry was unconstitutional, and that the entry was performed without a warrant, consent, or exigent circumstances. Trujillo also does not dispute that Trujillo arrested Roybal for a misdemeanor noise violation while the two were inside Roybal's garage. Based upon these facts, the Court concludes that Roybal's arrest violated clearly established law.

In 1980, the Supreme Court of the United States decided Payton v. New York, 445 U.S. 573 (1980), holding that a warrantless arrest of an individual, in the person's home, violates the Fourth Amendment. See Payton v. New York, 445 U.S. at 576. This basic principle had thus been part of Fourth Amendment jurisprudence for over two decades at the time Trujillo arrested Roybal. Warrantless arrests in the home are constitutional in certain narrow circumstances: (i) exigent circumstances, see Welsh v. Wisconsin, 466 U.S. 740, 749 (1984); or (ii) consent, see Howard v. Dickerson, 34 F.3d 978, 982 & n.4 (10th Cir. 1994). Absent consent or exigent circumstances,

however, a warrantless arrest of an individual in his or her home violates clearly established law. See Howard v. Dickerson, 34 F.3d at 1982.  Whether the officer had probable cause to conduct the arrest is irrelevant in such circumstances.  See id. at 1981.  In Howard v. Dickerson, an officer went to the plaintiff's home and arrested her for careless driving and leaving the scene of an accident, both misdemeanors.  See id. at 979, 982.  The United States Court of Appeals for the Tenth Circuit described the officer's claim for qualified immunity as "patently disingenuous."  Id. at 982.

From a legal perspective, the situation here is little different than in Howard v. Dickerson. The Court has already found that the officers, now including Trujillo, did not have consent to enter the Roybals' garage.  See MOO at 21-25; Roybal at *12-14.  In contesting the earlier summary judgment motion, the Defendants did not contend that there were exigent circumstances present, nor does the Court see any reasonable grounds for finding exigent circumstances here.  Thus, it is undisputed that Trujillo arrested Roybal in his home, without a warrant, without consent, and without exigent circumstances.  The arrest therefore violated the Fourth Amendment, and qualified immunity will not shield Trujillo.

**IT IS ORDERED** that the Plaintiff's Motion for Summary Judgment Against George Trujillo and Memorandum of Law in Support is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Joseph P. Kennedy
Shannon L. Kennedy
Mary Louise Boelcke
Kennedy & Oliver,  P.C.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Kathryn Levy
City of Albuquerque Legal Department
Albuquerque, New Mexico

   *Attorneys for Defendants City of Albuquerque,*
   *Yvonne Martinez, Dennis Tafoya, George Trujillo,*
   *and Lorraine Lopez-Sadler*

Patrick D. Allen
Patricia Padrino
Yenson, Lynn, Allen & Wosick, P.C.
Albuquerque, New Mexico

   *Attorneys for Defendant Peter Dwyer*